IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re TWITTER, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | C.A. No. 18-62-VAC-MPT |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter arises from plaintiffs Jim Porter, Ernesto Espinoza, and Francis Flemings' (collectively, "Plaintiffs") Verified Consolidated Shareholder Derivative Complaint[1] against nominal defendant Twitter, Inc.. ("Twitter") and defendants Richard Costolo, Anthony Noto, Jack Dorsey, Peter Fenton, David Rosenblatt, Marjorie Scardino, Evan Williams, Peter Chernin, and Peter Currie (collectively, "Defendants"), filed on April 19, 2017. The initial complaint was filed on October 24, 2016, followed by two other actions, with the three matters eventually consolidated and present operative complaint filed in the Northern District of California.[2] The case was transferred to the

---

[1] D.I. 33.
[2] *See* D.I. 1, 21 and 33. In the interim between the filing of the initial complaint and the present operative amended complaint, the court entered an amended order which consolidated the three actions filed in the Northern District of California, appointed the lead plaintiff and lead counsel, and established a schedule to file a consolidated complaint. D.I. 11. As a result, 16-6136 (filed October 24, 2016), 16-6457 (filed November 4, 2016) and 16-6492 (filed November 8, 2016) were consolidated into 16-6136 (the "Derivative Action").

District of Delaware on January 8, 2018.³ The complaint alleges the issuance of false and misleading proxy statements in violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breaches of fiduciary duties, unjust enrichment, corporate waste, and insider selling.⁴ On March 14, 2018, Defendants filed a motion to stay the Verified Consolidated Shareholder Derivative Complaint pending resolution of a related securities action in the Northern District of California.⁵ Presently before the court is Defendants' motion to stay. This Report and Recommendation addresses whether Defendants have sufficiently established that a stay is warranted. For the reasons stated below, Defendants' motion to stay is granted for the limited time period so indicated.

## II. BACKGROUND

### A. Parties

Plaintiff Jim Porter is a shareholder of Twitter stock, which he has continuously held stock in the Company since November, 2013.⁶

Plaintiff Ernest Espinoza is a current shareholder of Twitter stock, which he has continuously held since at least July, 2014.⁷

Plaintiff Francis Fleming is a current shareholder of Twitter stock, which he has held continuously since January, 2014.⁸ Plaintiffs Porter, Espinoza and Fleming are

---

³ *See* D.I. 38 and 41. On December 15, 2017, the parties stipulated to a venue transfer from the Northern District of California to the District of Delaware due to a forum selection clause in Twitter's corporate bylaws.
⁴ D.I. 33 at 2.
⁵ D.I. 53.
⁶ D.I. 33 at 8.
⁷ *Id.* at 9.
⁸ *Id.*

acting for the benefit of nominal defendant Twitter.

Nominal defendant Twitter is a Delaware corporation with its principal executive offices located at 1355 Market Street, Suite 900, San Francisco, California 94103.[9]

The remaining defendants are or have been either executive officers of Twitter and/or members of Twitter's board of directors within various time periods from 2006 to the present.[10]

### B. Background

Twitter is a social networking platform that allows users to send and read short messages called "tweets."[11] The platform is used globally for public self-expression and conversation in real time.[12] Twitter was founded in 2006 and made its initial public offering in 2011.[13] As Twitter uses advertising as its main source of revenue, new user growth and existing user engagement in the platform are key indicators of Twitter's financial health and success.[14]

The Derivative Action was filed shortly after a securities action was filed in the Northern District of California on September 16, 2016 against Twitter and certain of its officers and/or directors.[15] That Northern District of California securities action (the "Securities Action") alleges Twitter and certain officers/directors made false and misleading statements in press releases and filings with the Securities and Exchange

---

[9] *Id.*
[10] *Id.* at 9-11.
[11] D.I. 33 at 9.
[12] *Id.* at 12.
[13] *Id.*
[14] *Id.*
[15] *See* Complaint, *Shenwick v. Twitter, Inc.*, No. 16-05314 (N.D. Cal Sep. 16, 2016).

Commission and in statements to media, analysts and investors.[16] The Securities Action complaint alleges that defendants' statements caused plaintiffs to purchase Twitter stock at artificially inflated prices, only to suffer a loss when the stock price dropped as a result of lower than expected earnings.[17]

The Derivative Action complaint alleges similar false and misleading statements by Defendants.[18] Additionally, Plaintiffs allege certain Defendants caused Twitter to file misleading proxy statements in violation of Section 14(a) of the Exchange Act; Plaintiffs also allege that there were breaches of fiduciary duties, unjust enrichment, corporate waste, and insider selling.[19]

The parties in this Derivative Action previously stipulated to a stay pending resolution of a motion to dismiss in the Securities Action.[20] The motion to dismiss in the Securities Action was granted in part and denied in part on October 16, 2017.[21]

Defendants allege in their motion to stay that conflicts exist for Twitter regarding its positions in the two cases, the allegations in the actions are substantially similar, the Derivative Action is contingent on the outcome of the Securities Action, and a stay would simplify the issues and promote judicial economy while not prejudicing Twitter.[22]

## III. STANDARD OF REVIEW

The decision to grant or deny a stay is within the court's broad range of

---

[16] *Id.* at 2.
[17] *Id.* at 6.
[18] D.I. 33 at 2.
[19] *Id.*
[20] D.I. 50, 51.
[21] *See* Order Granting In Part and Denying In Part Defendants' Motion to Dismiss, *Shenwick v. Twitter, Inc.*, No. 16-05314 (N.D. Cal. Oct. 16, 2017)).
[22] D.I. 53 at 2-3.

discretionary powers.[23] The power of this court to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[24] The requester of a stay must "make out a clear case of hardship or inequity in being required to go forward," even if there is a possibility that the stay will damage the other party.[25]

Courts typically consider three factors in deciding whether a stay is appropriate: 1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set.[26] In considering these factors, courts should be mindful of the consequences of the stay on the non-moving party.[27]

Where there is a request for one action to be stayed in favor of a separate action, courts do not require that the parties to both actions be the same or the issues identical.[28]

## IV.   ANALYSIS

Defendants' position is that a stay is appropriate as prosecution of this Derivative Action is antithetical to Twitter's defensive position in the Securities Action; as such, Twitter is forced to accuse its directors of violations of federal securities laws, while, at

---

[23] *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F.Supp 656, 658 (D.Del. 1990).
[24] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).
[25] *Id.* at 255.
[26] *See* e.g., *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, C.A. No. 01-557-JJF, 2003 WL 25283239 at *1. (D.Del. Jan. 30, 2003), see also *Alsoy v. Çiçeksepeti Internet Hismetleri Anonim Sirketi*, 232 F. Supp. 3d 613, 620 (D. Del. 2017).
[27] *Dentsply Int'l, Inc.,* 734 F.Supp at 658.
[28] *Landis,* 299 U.S. at 254.

the same time, defending itself against the same allegations in the present action.[29]

Further, Defendants allege that damages in this Derivative Action largely hinge on the outcome of the Securities Action, since Plaintiffs generally seek to shift potential corporate losses in the Securities Action to individual directors and officers in the Derivative Action.[30] Further, Defendants argue a stay would promote judicial economy and eliminate the risk of inconsistent decisions in the two forums.[31]

Plaintiffs respond that an indefinite stay is not warranted and will harm the interests of Twitter.[32] Plaintiffs point out that the Derivative Action has claims beyond the similarities in the two actions and those additional claims (certain violations of the Exchange Act and insider trading) are not contingent upon resolution of the Securities Action.[33] Thus, a stay would harm Plaintiffs' ability to prosecute those standalone claims.[34] Plaintiffs allege that an indefinite stay would not advance judicial economy in that the standalone claims would be significantly delayed.[35]

Defendants respond that the stay would not be indefinite, as dates have since been established for the conclusion of discovery and the trial is now scheduled for January 2020.[36] Defendants claim Plaintiffs offered no other alleged prejudice to their case other than delay of the action.[37]

The court finds that a stay of limited duration is not likely to cause undue

---

[29] D.I. 29 at 16.
[30] *Id.* at 18.
[31] *Id.* at 15.
[32] D.I. 56 at 8-9.
[33] *Id.* at 9.
[34] *Id.*
[35] *Id.* at 11.
[36] D.I. 58 at 7.
[37] *Id.* at 9.

hardship for Plaintiffs.  A stay may indeed "delay resolution of the litigation, but this alone does not warrant a finding that [p]laintiffs will be unduly prejudiced."[38]

The court finds that staying this action for a limited period will likely simplify the issues in the instant case:  specifically, it will relieve the tension on Twitter caused by alleging wrongful conduct in this matter while defending against substantially similar allegations of wrongful conduct in the Securities Action in the Northern District of California.  Further, discovery has not begun in this district and no trial date has been set, while the discovery schedule and the trial date in the Securities Action are established.  The core allegations of these two actions are substantially similar and center on allegedly materially false or misleading statements in Defendants' communications.  Both the overlap in these two matters and the risk of inconsistent decisions in the two districts is significant.

Defendants have sufficiently established that a stay of a limited time period is justified.  Therefore,

## V. RECOMMENDATION DISPOSITION

Consistent with the findings herein, it is recommended that:
this matter be stayed until either the resolution of the Securities Action in the Northern District of California or February 10, 2020, whichever occurs first.  Defendants shall arrange for a teleconference with this court within fourteen calendar days of resolution or on February 10, 2020 (whichever occurs first), along with a court reporter to discuss the status of the matter in the Northern District of California and how the present case shall proceed in the future.  Further, Defendants shall provide a copy of the issued

---

[38] *Enhanced Sec. Research, LLC v. Cisco Systems, Inc.*, C.A. No. 09-571-JJF2010, WL 2573925 at *3 (D. Del. June 25, 2010).

decision of the Northern District of California to the presiding judge in this matter with a copy to the judge's judicial assistant.

This Report and Recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72(a), and D.Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served a copy of this Report and Recommendation.[39] Any objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the Court's standing Order in Non-*Pro Se* matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: July 23, 2018                 /s/ Mary Pat Thynge
                                                           Chief U.S. Magistrate Judge

---

[39] FED. R. CIV. P. 72(b)(2).